# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2400 | **DATE** | 7/10/2002 |
| **CASE TITLE** | AGFA vs. Wagner Printing Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, AGFA's motion to dismiss (11-1) is granted with respect to Wagner's claim that AGFA surreptitiously inserted a liquidated damages provision into their contract, and granted with leave to amend with respect to Wagner's claim regarding the quality of AGFA's plates. Wagner has leave to file an amended counterclaim in this regard on or before 7/26/02.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 16 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 17 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK 02 JUL 15 PM 4:37 | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in Central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AGFA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 02 C 2400 |
| | ) |
| WAGNER PRINTING CO. d/b/a | ) |
| INFOCOMM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff AGFA Corporation filed a complaint against Wagner Printing Co. d/b/a/ Infocomm ("Wagner") alleging that it breached two Consumable Purchase Agreements ("Consumable Agreements") for the purchase of printing supplies. Cmplt. ¶¶5, 6. Wagner filed a counterclaim alleging that AGFA violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, by: (1) "surreptitious[ly]" inserting a liquidated damages clause into the two Consumable Agreements; and (2) misrepresenting that "AGFA could provide plates of equal quality to those that Wagner had been using, at a lower price." Aff. Def. ¶¶34, 35, 42, 44.

AGFA now seeks dismissal of Wagner's counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion is granted with leave to amend the counterclaim in part.

## FACTUAL BACKGROUND

The following facts from the parties' complaints are taken as true for purposes of this motion to dismiss. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Sneed v. Rybicki*, 146 F.3d 478, 480 (7th Cir. 1998). Wagner is a printing company that has purchased printing supplies from AGFA since June 30, 1994. The parties have entered into several Consumable Agreements during that time, all for the purchase of "consumable products, which included paper, film, plates and proofing." Cmplt. ¶¶5, 6; Aff. Def. ¶28. Sometime prior to April 1, 2001, Wagner asked AGFA for a new agreement with a different pricing structure. Wagner did not ask that AGFA make any other changes to their existing agreement. Aff. Def. ¶30. AGFA responded to Wagner's request with two Consumable Agreements dated June 28, 2000. Both agreements contained a new liquidated damages provision that AGFA had not mentioned and that the parties had not discussed. Aff. Def. ¶¶31-34.

Prior to executing the second June 28, 2000 Consumable Agreement, Wagner had done business with AGFA only through Wagner's Infocomm operations. However, the second Consumable Agreement with AGFA involved Wagner's Freeport, Illinois operations. "Wagner began dealing with AGFA for Wagner's Freeport operations because AGFA represented to Wagner that AGFA could provide plates of equal quality to those that Wagner had been using, at a lower price." Aff. Def. ¶¶41-42. By switching to AGFA's plates, Wagner was required to change some of its machines and to start using certain other AGFA products. Aff. Def. ¶43. Wagner alleges that AGFA's representations about the quality of its plates were false and that this caused Wagner to sustain damages. Aff. Def. ¶44; Ctrclm. ¶¶51-53.

## DISCUSSION

A motion to dismiss a complaint under Fed. R. Civ. P. 12(b)(6) does not test whether the plaintiff will ultimately prevail on the merits. Dismissal is proper only if it is clear that the plaintiff can prove no set of facts consistent with the complaint that would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### A. Wagner's Consumer Status Under the ICFA

The ICFA is "primarily concerned with protecting consumers." *Web Communications Group, Inc. v. Gateway 2000, Inc.*, 889 F. Supp. 316, 323 (N.D. Ill. 1995). The term "consumer" means "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). Under the Act, a "person" includes a corporation or other business entity. 815 ILCS 505/1(c). When a dispute under the Act involves two businesses that are not consumers of each other's products, there must be some showing that the alleged conduct "involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns." *Lefebvre Intergraphics, Inc. v. Sanden Machine Limited*, 946 F. Supp. 1358, 1368 (N.D. Ill. 1996) (quoting *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill. App. 3d 452, 458, 654 N.E.2d 1109, 1115 (1995)). On the other hand, "as long as the plaintiff, whether a business entity or a person, is a consumer, it need only show a personal injury caused by the fraudulent or deceptive acts." *Skyline International Development v. Citibank, F.S.B.*, 302 Ill. App. 3d 79, 85, 706 N.E.2d 942, 946 (1998). *See also Hartmarx Corp. v. JBA International, Inc.*, No. 99 C 4874, 2002 WL 406973, at *6-7 (N.D. Ill.

Mar. 15, 2002) ("it is not clear [that] Illinois courts require a consumer nexus where the plaintiff is actually a business consumer of defendant's merchandise").

AGFA argues that Wagner is a not a "consumer" of its products and must therefore show a "connection between the alleged deceptive business practices of AGFA and how it directly or indirectly affects consumers." Pl. Mem., p. 8. The Court disagrees. Wagner purchases film, plates and proofing from AGFA for use in the ordinary course of running its printing operations. Wagner does not resell these items to customers in any form. *Cf. CTS Corp. v. Raytheon Co.*, No. 92 C 3878, 1993 WL 157464, at *1, 3 (N.D. Ill. May 12, 1993) (company that incorporated transistors into oscillators which were then sold to customers was not a consumer of those transistors). The mere fact that the paper Wagner purchases from AGFA ultimately reaches Wagner's customers does not negate Wagner's status as a consumer of the other products. On these facts, Wagner is not required to allege an impact on consumers generally. *See Skyline International Development*, 302 Ill. App. 3d at 85, 706 N.E.2d at 946; *Lefebvre*, 946 F. Supp. at 1369; *Petri v. Gatlin*, 997 F. Supp. 956, 968-69 (N.D. Ill. 1997) ("the consumer nexus test is inapplicable because the dispute at hand does not involve 'two businesses that are not consumers'").

Nevertheless, the ICFA "was not intended to cover all commercial transactions regardless of the relationship between the parties." *Lake County Grading*, 275 Ill. App. 3d at 457, 654 N.E.2d at 1114. To the extent Wagner's allegations are, at their core, a claim for breach of contract, then relief is not warranted under the Act. *Hartmarx*, 2002 WL 406973, at *7; *Nilsson v. NBD Bank of Illinois*, 313 Ill. App. 3d 751, 765, 731 N.E.2d 774, 785 (1999). Wagner first claims that AGFA surreptitiously added a new liquidated damages provision to the Consumable

4

Agreements. This is essentially a dispute about the terms and conditions of the contracts between the parties; i.e., AGFA's potential remedy in the event of a breach by Wagner. Such disputes are not covered by the ICFA. *See, e.g., Bankier v. First Federal Savings & Loan Association of Champaign*, 225 Ill. App. 3d 864, 874, 588 N.E.2d 391, 398 (1992) (ICFA "was not intended to extend to every transaction between contracting parties"). Wagner does not allege that AGFA's insertion of the liquidated damages provision is part of a pattern of deceptive sales activities. *Nilsson*, 313 Ill. App. 3d at 765, 731 N.E.2d at 785 (ICFA claim failed in part because there was "[no] evidence that the insertion of a demand feature is part of some deceptive lending practice by the bank"). Thus, the portion of Wagner's ICFA claim relating to the insertion of the liquidated damages clause is dismissed.

On the other hand, Wagner's allegations regarding the quality of AGFA's plates do support an ICFA claim. Wagner asserts that AGFA misrepresented the quality of its products to induce Wagner to purchase them, which is exactly the type of fraudulent activity the Act is designed to redress. *Hartmarx*, 2002 WL 406973, at *7 ("[b]y challenging the veracity of the representations made by JBA to induce Hartmarx to enter into the software contract, Hartmarx states a fraudulent misrepresentation claim"); *Lefebvre*, 946 F. Supp. at 1369 (plaintiff stated a claim under the ICFA by alleging that "it was a consumer of Sanden's, and that Sanden engaged in deceptive practices to entice [plaintiff] to buy Sanden's product"). Construing the statute and the pleadings liberally as we must on a motion to dismiss, Wagner has stated a claim for violation of the ICFA. *See Kirkruff v. Wisegarver*, 297 Ill. App. 3d 826, 838, 697 N.E.2d 406, 415-16 (1998) ("courts should liberally construe and broadly apply the Act to eradicate all forms of deceptive and unfair business practices").

### B. Elements of an ICFA Claim

To state a claim under the ICFA, Wagner must allege (1) a deceptive act, such as a misrepresentation or concealment of material fact; (2) AGFA's intent to induce Wagner's reliance on the deception; (3) a deception that involves trade or commerce; and (4) actual damages to the plaintiff (5) proximately caused by the deception. *Oliveira v. Amoco Oil Co.*, __ N.E.2d __, 2002 WL 1340895, at *7 (Ill. June 20, 2002); *Adler v. William Blair & Co.*, 271 Ill. App. 3d 117, 128, 648 N.E.2d 226, 233 (1995); *Thacker v. Menard, Inc.*, 105 F.3d 382, 386 (7th Cir. 1997). AGFA argues that Wagner failed to set forth the necessary facts to support a claim under the Act.

#### a. *Sufficiency of the Fraud Allegations*

Under the liberal notice pleading requirements of the federal rules, all that a plaintiff must do to state a claim is to provide a "short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). To state a claim for fraud, however, "the circumstances constituting the fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The circumstances of fraud include "the identity of the person who made the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997) (quotations and citations omitted). In other words, "the who, what, when, where and how" of the fraud must be alleged. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Consistent with our dismissal of Wagner's claim based on the insertion of the liquidated

damages clause, our analysis in this regard addresses only Wagner's claim regarding the quality of AGFA's plates and other materials.

AGFA argues that Wagner has not adequately set forth the facts necessary to state a claim for fraud. Wagner alleges the following facts: (1) Wagner began dealing with AGFA "because AGFA represented to Wagner that AGFA could provide plates of equal quality to those that Wagner had been using, at a lower price"; (2) Wagner switched certain of its machines in order to accommodate the use of AGFA plates and products; (3) AGFA's representations of equal quality were false; and (4) AGFA intended that Wagner rely on the false representations. Aff. Def. ¶¶42-46. These allegations are insufficient to meet the heightened requirements of Rule 9(b). Wagner has not identified who at AGFA made the representations regarding plate quality, when those representations were made and to whom, or how the representations were communicated. *See, e.g., Jiang v. Allstate Insurance Co.*, 199 F.R.D. 267, 272 (N.D. Ill. 2001) (dismissing ICFA claim that failed to identify the when, where and how of the alleged fraud). Wagner's claim of fraud based on the quality of AGFA's plates is therefore dismissed with leave to amend.

    b.    *Material Misrepresentation*

AGFA's arguments disputing the materiality of its alleged misrepresentations relate solely to the allegedly surreptitious inclusion of the liquidated damages provision. The Court has already found that portion of Wagner's claim to be deficient, but additionally questions here whether adding an express and unambiguous term in a two-page written contract between sophisticated parties with a history of doing business is the type of material misrepresentation contemplated by the ICFA. *See Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286,

7

1292 (7th Cir. 1989) ("basic contract law establishes a duty to read the contract; it is no defense to say, 'I did not read what I was signing'"); *Connick v. Suzuki Motor Co.*, 174 Ill.2d 482, 505, 675 N.E.2d 584, 595 (1996) ("[a] material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase").

      c.    *Sufficiency of the Damages Allegations*

To state a claim under the ICFA, Wagner must allege that AGFA's deception has caused it to sustain damages. *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 588 (7th Cir. 2001). However, "[t]he required allegation of proximate causation is minimal, because that determination is best left to the trier of fact." *Chandler v. American General Finance, Inc.*, 329 Ill. App. 3d 729, 768 N.E.2d 60, 70 (2002) (citing *Connick*, 174 Ill.2d at 504, 675 N.E.2d at 595). AGFA contends that Wagner's claim for damages is vague and cursory and that there is no showing that AGFA's alleged fraudulent conduct is the proximate cause of Wagner's losses. Pl. Mem., pp. 10-11; Pl. Reply, p. 7. Wagner identifies the following damages: (1) costs associated with transferring equipment and processes to use AGFA consumable products; (2) costs associated with troubleshooting the problems with the plates AGFA initially provided to Wagner, and with the equipment that AGFA selected to process its plates; and (3) higher prices for the plates necessary for Wagner's operations. Aff. Def. ¶44; Ctrclm. ¶¶51-53. In sum, Wagner claims that as a result of AGFA's deception, it changed equipment to accommodate AGFA products; both the products and the equipment turned out to be defective; and Wagner incurred costs to remedy the problems. At this stage of the case, these allegations satisfy the minimal requirements for pleading

causation and damages. *See Chandler*, 768 N.E.2d at 70 ("[a]ctual dollars lost by the [plaintiff] is a matter of proof, not pleading").

### CONCLUSION

For the reasons stated above, AGFA's motion to dismiss [docket item 11-1] is granted with respect to Wagner's claim that AGFA surreptitiously inserted a liquidated damages provision into their contract, and granted with leave to amend with respect to Wagner's claim regarding the quality of AGFA's plates. Wagner has leave to file an amended counterclaim in this regard on or before July 26, 2002.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 10, 2002